UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| COUNTRY STEVENS, | ) | 3:12-cv-00010-RCJ-WGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| DAVID A. MAR, | ) ) | |
| Defendant | ) ) | |

Before the Court is plaintiffs "Motion for Photographic Evidence Creation." (Doc. #10.) Plaintiff's motion seeks an order directing the "Defendant and the Warden of N.N.C.C. to take (2) two photographs of the plaintiff's stomach showing the plaintiff's hernia that has gone untreated" (*id*). No response was filed to plaintiff's motion.

Plaintiff's motion states he is "without funds of $5.00 five dollars to cover the costs of the (2) photographs." (*Id*.) This suggests to the Court that there is a procedure at Northern Nevada Correctional Center whereby an inmate can secure pictures at a cost, but plaintiff has not informed the Court of that process. Plaintiff also does not explain why one photograph as opposed to two would not be sufficient. Plaintiff attaches no documentary evidence regarding his inability to pay for the photographs; however, the Court takes note of plaintiff's request for *in forma pauperis* status (Doc. #1) which attaches his inmate trust account statements, each of which shows a zero balance.

The "Warden of N.N.C.C." is not a party to this action so the Court cannot order the Warden to do what plaintiff seeks. The Court is reluctant to order defendant Mar, a physician at Northern Nevada Correctional Center, to do so. At this time, the Court would request the Attorney General's

Office to ascertain whether plaintiff's request could be accommodated, perhaps via digital photographs. It would appear that such photographs would preserve evidence which seemingly both parties would want to utilize at some point in time in this case.

Plaintiff's motion (Doc. #10) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2