# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| COUNTRY STEVENS, | ) | 3:12-cv-00010-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DAVID A. MAR, | ) | |
| | ) | |
| Defendant | ) | |

Before the court is "Plaintiff's Motion for Penalty for Defendant's Violation of Discovery and Perjury Pursuant to: 28 USC § 1746." (Doc. # 31.) The court has also received and reviewed Defendant's Opposition to Plaintiff motion (Doc. # 32) and Plaintiff's Reply thereto (Doc. # 41.) Plaintiff's motion is deficient in multiple respects. First, to the extent it constitutes a "discovery" motion, Local Rule 26-7(a) requires such motions to "set forth in full the text of the discovery originally sought and the responses thereto, if any." The failure of Plaintiff to attach Defendant's responses may be explained by footnote 2 appearing in Defendant's opposition. Therein, Defendant's counsel states that "it was discovered that the answers to Plaintiff's Interrogatories were not served. * * * This was due to an unintended oversight which has been remedied by the service of Defendant's responses to Plaintiff's Interrogatories." (Doc. # 32 at 2.) Presumably, therefore, Plaintiff has received Defendant's answers to interrogatories before the filing of Plaintiff's response (Doc. # 41) on November 29, 2012.

Had Plaintiff attempted to comply with Rule 26–7(b), which requires "personal consultation and sincere effort" to resolve any discovery dispute, Plaintiff might have avoided making this motion

in its entirety by simply asking Defendant's counsel as to why Plaintiff had not received Defendants responses.  If so, such contact might have triggered the service of the answers which, according to Footnote 2 of Defendant's opposition, indicates the answers were not served due to "unintended oversight."

It further appears to the court from a review of Plaintiff's motion that the motion may also involve his objections to some type of responses to requests for admissions.  Once again, however, because the text of the discovery "originally sought and the responses thereto" [L.R. 26-7(a)] were not included, the court is at a loss to evaluate the validity of Plaintiff's contentions.

The second component of Plaintiff's motion is some type of request to the court to "grant Plaintiff's motion for penalty for defendant's and his counsel's violations" due to allegedly "perjured statements." (Doc. #31 at 3.)  Plaintiff's reply memorandum (Doc. # 41) suggests Plaintiff has in fact received Defendant's answers to Plaintiff's interrogatories, Plaintiff submits "that Defendant and his counsel perjured themselves in their answers." (*Id*., at 2.)  Again, without having the specific discovery, the court could not even commence to undertake a review of whether the discovery responses were perjurious or not.  Additionally, Plaintiff provides no explanation as to the alleged falsity of the statements.

Accordingly, Plaintiff's motion (Doc. # 31) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   December 7, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2