**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

COUNTRY J. STEVENS, ) 3:12-cv-00010-RCJ-WGC
)
      Plaintiff, ) **REPORT AND RECOMMENDATION**
) **OF U.S. MAGISTRATE JUDGE**
vs. )
)
DAVID A. MAR, )
)
)
      Defendant. )
_____ )

      This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is defendant Dr. David Mar's Motion for Summary Judgment. (Doc. # 37.)[1] Plaintiff opposed (Doc. # 47) and Dr. Mar replied (Doc. # 49). Plaintiff filed a sur-reply. (Doc. # 51.) After a thorough review, the court recommends that Dr. Mar's motion be granted.

**I. BACKGROUND**

      At all relevant times, Plaintiff Country J. Stevens was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 5) at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id*.) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) The only defendant is Dr. David Mar. (*Id*. at 2.)

      On screening, the court determined that Plaintiff states a colorable claim for deliberate

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the page numbers from the docketed version and not Defendants' original page numbers.

indifference to a serious medical need under the Eighth Amendment. (Screening Order (Doc. # 4).) Plaintiff alleges that Dr. Mar refuses to treat his hernia. (Doc. # 5 at 3-7.) He asserts that it is painful and causes him difficulty breathing, yet Dr. Mar will not prescribe him pain medication, and as a member of the Utilization Review Panel (URP) he denied Plaintiff surgery for his condition. (*Id.*)

Dr. Mar now moves for summary judgment, arguing: (1) Plaintiff's hernia does not qualify as a serious medical need; (2) even if it did, Dr. Mar has not been deliberately indifferent with respect to the course of treatment chosen for Plaintiff; and (3) he is entitled to qualified immunity. (Doc. #37.) Specifically, Dr. Mar argues that he examined Plaintiff once for a complaint of a lump in his stomach, and diagnosed Plaintiff with a small hernia and recommended exercise and weight loss as a course of treatment. (*Id.*) He contends that just because it is Plaintiff's lay opinion that his hernia requires surgical intervention while Dr. Mar recommended exercise and weight loss does not mean Dr. Mar was deliberately indifferent. (*Id.*)

Plaintiff opposes, arguing that his hernia constitutes a serious medical need and that Dr. Mar was deliberately indifferent to that need when he prescribed Plaintiff to do crunches for his condition. (Doc. # 47.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See Anderson*, 477 U.S.

2

at 250.

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In determining summary judgment, a court applies a burden shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'[ ] In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323-25. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

3

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50, 255 (citations omitted).

### III. DISCUSSION

**A. Plaintiff's Sur-Reply Should be Stricken**

Plaintiff's sur-reply (Doc. # 51) should be stricken because it was filed without seeking leave of court and in contravention of the local rules which only contemplate the filing of a motion, opposing brief and reply brief. *See* Local Rule 7-2.

**B. Legal Standard- Eighth Amendment Deliberate Indifference to a Serious Medical Need**

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "The requirement of deliberate indifference is less

4

1    stringent in cases involving a prisoner's medical needs than in other cases involving harm to
2    incarcerated individuals because '[t]he State's responsibility to provide inmates with medical
3    care ordinarily does not conflict with competing administrative concerns.'" *McGuckin v. Smith*,
4    974 F.2d 1050, 1060 (9th Cir. 1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104
5    F.3d. 1133 (9th Cir. 1997). "In deciding whether there has been deliberate indifference to an
6    inmate's serious medical needs, [the court] need not defer to the judgment of prison doctors
7    or administrators." *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).

8    A finding of deliberate indifference involves the examination of two elements: "the
9    seriousness of the prisoner's medical need and the nature of the defendant's responses to that
10   need." *McGuckin*, 974 F.2d at 1059; *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir.
11   2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A 'serious' medical need
12   exists if the failure to treat a prisoner's condition could result in further significant injury or
13   the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*,
14   429 U.S. at 104); *Akhtar*, 698 F.3d at 1213 ("First, the plaintiff must show a serious medical
15   need by demonstrating that failure to treat a prisoner's condition could result in further
16   significant injury or the unnecessary and wanton infliction of pain."). Examples of conditions
17   that are "serious" in nature include "an injury that a reasonable doctor or patient would find
18   important and worthy of comment or treatment; the presence of a medical condition that
19   significantly affects an individual's daily activities; or the existence of chronic and substantial
20   pain." *Id.* at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting
21   *McGuckin* and finding that inmate whose jaw was broken and mouth was wired shut for several
22   months demonstrated a serious medical need).

23   If the medical needs are serious, Plaintiff must show that Defendants acted with
24   deliberate indifference to those needs. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213
25   (quoting *Jett*, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." *Toguchi v.*
26   *Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more
27   than medical malpractice or even gross negligence. *Id.* Inadvertence, by itself, is insufficient

28                                                   5

to establish a cause of action under § 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (quoting *Jett*, 439 F.3d at 1096) (This second prong…is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer*, 511 U.S. at 858). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hunt*, 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation marks and citation omitted). Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

In addition, a prison physician is not deliberately indifferent to an inmate's serious medical need when the physician prescribes a different method of treatment than that requested by the inmate. *See McGuckin*, 974 F.2d at 1059 (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); *see also Snow v. McDaniel*, 681 F.3d 978, 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between a prisoner-patient and medical staff regarding treatment is not cognizable under § 1983). To establish that a difference of opinion amounted to deliberate indifference, the inmate "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the course of treatment was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted); *see also Snow*, 681 F.3d at 988 (quoting *Jackson*, 90 F.3d at 332) (finding that "a reasonable jury could conclude that the decision of

1  the non-treating, non-specialist physicians to repeatedly deny the recommendations for surgery
2  was medically unacceptable under the circumstances").

**C. Summary of Medical Evidence**

Plaintiff sent a medical request, known as a kite, on June 1, 2011, stating that he had a lump in his stomach. (Doc. # 37 at 15.) Plaintiff was seen for a complaint of a lump in his stomach on June 2, 2011, where he requested to be seen by a physician and was scheduled for an appointment on June 22, 2011. (Doc. # 38 at 13.) Plaintiff submitted another kite on June 8, 2011, again complaining about the lump in his stomach and requesting to see a doctor. (Doc. # 37 at 16.) He was seen by medical staff on June 8, 2011, complaining of a cold (there is no mention of a complaint regarding the lump in his stomach in the notes for this visit). (Doc. # 38 at 12.) It was noted that he had an appointment scheduled later in the month. (*Id*.) Plaintiff sent another kite on June 15, 2011 regarding this issue. (Doc. # 37 at 17.) Plaintiff was seen at the clinical for multiple complaints on June 15, 2011 (again, the lump in his stomach was not mentioned). (Doc. # 38 at 12.) Again, it was noted that he was scheduled to see a physician on June 22, 2011. (*Id*.)

Plaintiff saw Dr. Mar on June 22, 2011. (Doc. # 38 at 11-12.) Dr. Mar noted that Plaintiff had not been exercising. (*Id*.) He observed a knot protruding from Plaintiff's stomach which he diagnosed as a small ventral hernia. (*Id*.) Plaintiff requested that a biopsy be performed, but Dr. Mar explained to Plaintiff that a biopsy was unnecessary and that it could be treated with exercise and weight loss. (*Id*.) Plaintiff left stating that he was not going to do anything to help himself. (*Id*.)

While there are various other kites reflected in his medical records, there were no subsequent complaints regarding Plaintiff's hernia condition. (Doc. # 38 at 1-10.)

Dr. Mar submitted his own declaration which states that he examined Plaintiff on June 22, 2011, and diagnosed Plaintiff with a ventral hernia, which in his opinion, does not require surgical intervention. (Doc. # 37 at 19 ¶¶ 5-6.) He explained this to Plaintiff, and told him that exercise and weight loss were his recommended course of treatment. (*Id*. ¶ 7.) He

states that he has seen Plaintiff since this visit, but has no recollection of any subsequent complaints of discomfort or pain related to his hernia. (*Id.* at 19-10 ¶ 8.) Nor has Plaintiff informed him that his condition has worsened. (*Id.*)

**D. Analysis**

The court finds that there is neither evidence that Plaintiff's hernia rises to the level of a serious medical need nor that Dr. Mar acted with deliberate indifference. Instead, the medical evidence establishes that Plaintiff complained of a lump in his stomach, Dr. Mar evaluated him and diagnosed him with a hernia, and prescribed treatment in the form of exercise and weight loss, and Plaintiff stated he did not intend to follow this treatment regimen. Dr. Mar is correct that Plaintiff has merely presented his disagreement with Dr. Mar's recommended course of treatment. Plaintiff does not provide *evidence* that his hernia caused him further pain or that he suffered any medical problem as a result of Dr. Mar's actions. There is no evidence that this was medically unacceptable under the circumstances. While Plaintiff asserts that Dr. Mar has approved hernia surgery for other inmates (Doc. # 47 at 12), this has no bearing on whether Plaintiff's hernia required surgical intervention.

As a result, the court recommends that summary judgment be granted in Dr. Mar's favor.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **STRIKING** Plaintiff's sur-reply (Doc. # 51) and **GRANTING** Dr. Mar's motion (Doc. # 37, entering summary judgment in favor of Dr. Mar.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 16, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE